

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,573-01

### EX PARTE KEVIN JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W401-80295-2018-HC IN THE 401ST DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*. KELLER, P.J., and SLAUGHTER, J., dissented.

### O P I N I O N

Applicant was charged with one count of continuous sexual abuse of a young child and one count of indecency with a child by contact. He was acquitted of continuous sexual abuse, but convicted of one count of indecency with a child by contact and sentenced to four years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Jones v. State*, No. 05-19-01120-CR (Tex. App. — Dallas June 11, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because counsel failed to request a unanimity instruction in the jury charge. The State presented evidence of multiple

incidents that could have been used to prove indecency with a child by contact. However, the charge in this case did not include an instruction to tell the jurors that they must be unanimous as to which incident they believed occurred beyond a reasonable doubt. The trial court conducted a live habeas hearing and heard testimony and arguments. Based on the record, the trial court has determined that trial counsel's performance was deficient and that Applicant was prejudiced.

Relief is granted. *Strickland v. Washington*, 466 U.S. 668 (1984). The judgment in cause number 401-80295-2018 in the 401st District Court of Collin County is set aside, and Applicant is remanded to the custody of the Sheriff of Collin County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: December 7, 2022
Do not publish